IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALARM.COM INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 13-890-RGA |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| TELULAR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## SCHEDULING ORDER

This ____ day of September, 2013, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) **within seven (7) days of the date of this Order.**

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **October 10, 2013**.

3. Discovery.

   a. The protocol for discovery, including discovery of Electronically Stored Information, is set forth in **Schedule A**.

   b. Contention and Related Deadlines.[1]

---

[1] As these disclosures are "initial", each party shall be permitted to supplement.

    i.  <u>Identification of Accused Products and Asserted Patents</u>. Plaintiff shall specifically identify the Defendant's accused products and the asserted patent claims they allegedly infringe, and produce the file history for each asserted patent on or before **October 3, 2013**.

    ii.  <u>Core Technical Documents</u>. Defendant shall produce the core technical documents related to the accused products, including but not limited to operation manuals, product literature, schematics and specifications on or before **January 23, 2014**.

    iii.  <u>Infringement Contentions</u>. On or before **March 6, 2014**, Plaintiff shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

    iv.  <u>Non-Infringement Contentions</u>. On or before **April 10, 2014**, Defendant shall produce its non-infringement contentions for each asserted claim.

    v.  <u>Invalidity Contentions</u>. On or before **May 8, 2014**, Defendant shall produce its invalidity contentions for each asserted claim, as well as the related invalidating references (*e.g.*, publications, manuals and patents).

    vi.  <u>Validity Contentions</u>. On or before **June 5, 2014**, Plaintiff shall produce any validity contentions.

  c.  <u>Document Production</u>. Document production by the parties shall be on a rolling basis and shall be substantially complete by **February 27, 2014**.

  d.  <u>Discovery Cut Off</u>. All non-expert discovery in this case shall be completed on or before **October 31, 2014**. As detailed in Paragraph 10(c) below, all expert discovery shall be completed on or before **March 27, 2015**.

   e. <u>Requests for Admission</u>. A maximum of 50 requests for admission are permitted for each party, except that there shall be no limit on requests for admission used solely to establish the authenticity of a document.

   f. <u>Interrogatories</u>.

    i. <u>Number</u>. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each party.

    ii. <u>Timing</u>. Notwithstanding the deadlines for infringement contentions and invalidity contentions described in Paragraph 3(b) above, no contention interrogatories shall be served before **March 6, 2014**.

   g. <u>Depositions</u>.

    i. <u>Timing</u>. No deposition shall commence before **May 12, 2014**.

    ii. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 85 hours to take testimony by deposition upon oral examination of fact witnesses, including third party witnesses and Rule 30(b)(6) witnesses, but excluding expert witnesses. Each deposition is limited to a maximum of seven (7) hours, except as otherwise authorized by the Court or agreed to by the parties. Notwithstanding the preceding sentence, the parties shall confer in good faith regarding the limitation on hours for each deposition taken pursuant to Rule 30(b)(6).

    iii. <u>Location of Depositions</u>. The parties will confer in good faith regarding the date, time and location of depositions, with consideration given to the location of witnesses.

   h. <u>Discovery Matters and Disputes Relating Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the

3

Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight (48) hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four (24) hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court **within twenty-one (21) days from the date of this Order.** Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(h) above.

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>. On **May 29, 2014**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction(s) of those term(s)/phrase(s). This document will not be filed with the Court. On **June 5, 2014**, each party shall provide its proposed constructions to terms identified on May 29 as to which such party had not previously provided a proposed construction. This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **June 12, 2014**. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be emailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening briefs, not to exceed 20 pages, on **June 26, 2014**. The Defendant shall serve, but not file, its

answering brief, not to exceed 30 pages, on **July 17, 2014**. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **July 31, 2014**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **August 14, 2014**. No later than **August 19, 2014**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-upon Constructions

II.    Disputed Constructions

A.    [TERM 1]

    1.    Plaintiff's Opening Position
    2.    Defendant's Answering Position
    3.    Plaintiff's Reply Position
    4.    Defendant's Sur-Reply Position

B.    [TERM 2]

    1.    Plaintiff's Opening Position
    2.    Defendant's Answering Position
    3.    Plaintiff's Reply Position
    4.    Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    9.    <u>Hearing on Claim Construction</u>. Beginning at 9:00 a.m. on **September 17, 2014**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three (3) hours. The parties will conduct an in-person and/or

6

DVD tutorial in conjunction with the Claim Construction hearing, subject to the Court's preference. The parties shall exchange materials (including exhibits, DVDs and demonstratives but excluding any PowerPoint decks or slides) to be used during the Claim Construction hearing and/or tutorial no later than forty-eight (48) hours prior to the hearing and/or tutorial.

10. Disclosure of Expert Testimony.

a. Expert Reports. For the party who bears the initial burden of proof on an issue or matter (*e.g.*, infringement or invalidity), the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **December 18, 2014**. The responsive disclosure to contradict or rebut evidence on that same issue or matter is due on or before **January 22, 2015**. Reply expert reports from the party with the initial burden of proof are due on or before **February 19, 2015**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. No later than **February 19, 2015**, the parties shall advise of the dates and times of each expert's availability for deposition.

b. No Discovery of Draft Expert Reports. Draft reports, draft declarations, draft affidavits and notes taken by or prepared by retained experts shall not be subject to discovery. Communications or documents relating to communications between retained experts and counsel (including email communications) shall not be subject to discovery, except for documents, information and things included in or attached to such documents or communications that are considered by the retained expert in his or her report for the purposes of Federal Rule of Civil Procedure 26(a)(2).

c. Expert Depositions. Depositions of experts shall be completed on or before **March 27, 2015**.

7

      d.      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    11.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **April 9, 2015**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Responses to any dispositive motions shall be served and filed on or before **May 7, 2015**. Replies to response briefs shall be served and filed on or before **May 21, 2015**.

    12.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    13.    Pretrial Conference. On ~~August~~ September 25, 2015, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:30 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

    14.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine*

8

request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov. ? (5) RGA

16. <u>Trial</u>. This matter is scheduled for a ~~10~~ 5-day jury trial beginning at 9:30 a.m. on ~~October~~ 5, **2015**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

18. <u>Email Service</u>. The parties consent to service by email, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E). The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by

9

service of a document, the additional three (3) days permitted by Federal Rule of Civil Procedure 6(d) will apply, regardless of the manner of service. For the avoidance of any doubt, no additional time will be added to actual deadlines set forth herein (*e.g.*, March 27, 2015).

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

1120993/40305

## Schedule A

### Protocol for Discovery, Including Discovery of Electronically Stored Information ("ESI")

1. **General Provisions**

    a. **Cooperation.** The parties are expected to reach agreements cooperatively on how to conduct discovery under Federal Rules of Civil Procedure 26-36. In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following protocol shall apply until further order of the Court or the parties reach agreement.

    b. **Proportionality.** The parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

    c. **Preservation of Discoverable Information.** The parties have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

        i. Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data, provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

        ii. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

            (1) Deleted, slack, fragmented, or other data only accessible by forensics;

(2) Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

(3) On-line access data such as temporary internet files, history, cache, cookies, and the like;

(4) Data in metadata fields that are frequently updated automatically, such as last-opened dates;

(5) Back-up data that are substantially duplicative of data that are more accessible elsewhere;

(6) Voice messages;

(7) Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging;

(8) Electronic mail or pin-to-pin messages sent to or from mobile devices (*e.g.*, iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere;

(9) Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere;

(10) Logs of calls made from mobile devices;

(11) Server, system or network logs;

(12) Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report; and

(13) Data remaining from systems no longer in use that is unintelligible on the systems in use.

d. **Privilege.**

i. Consistent with Federal Rule of Civil Procedure 26(b)(5)(A), a party withholding or redacting any responsive document on the grounds of any privilege, immunity or similar claim shall provide to the other party a log ("Privilege Log") containing the information described in the following subparagraph.

      ii.     For each document withheld or redacted, the Privilege Log shall contain the following information: (i) the date of the document; (ii) the identity of all persons who authored, signed or otherwise prepared the document; (iii) the identity of all persons designated as addressees or copyees; (iv) a description of the contents of the document that, without revealing information that is allegedly privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; (vi) the type or nature of the privilege asserted (*e.g.*, attorney-client privilege, work product doctrine, etc.); and (vii) the document numbers (*e.g.*, Bates numbers) corresponding to the first and last page of any withheld or redacted document, if the document has been assigned any such document numbers.

      iii.    For each document withheld under a claim of privilege, the party withholding such document shall identify that document on a Privilege Log served no later than **forty-five (45) days** after the due date for producing the document.

      iv.    With respect to information generated after the filing of the complaint, parties are not required to include any such information in a Privilege Log.

      v.     Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

      vi.    The parties shall confer on an appropriate non-waiver order under Federal Rule of Evidence 502. Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within 30 days of inadvertent production.

2. **Initial Discovery Conference.**

   a. **Timing.** Consistent with the guidelines that follow, the parties shall discuss the parameters of their anticipated discovery at the initial discovery conference (the "Initial Discovery Conference") pursuant to Federal Rule of Civil Procedure 26(f), which shall take place before the Federal Rule of Civil Procedure 16 scheduling conference ("Rule 16 Conference").

   b. **Content.** The parties shall discuss the following:

      i. The issues, claims and defenses asserted in the case that define the scope of discovery.

      ii. The likely sources of potentially relevant information (*i.e.*, the "discoverable information"), including witnesses, custodians and other data sources (*e.g.*, paper files, email, databases, servers, etc.).

      iii. Technical information, including the exchange of production formats.

      iv. The existence and handling of privileged information.

      v. The categories of ESI that should be preserved.

3. **Sources.**

   a. **Custodians.** Within **thirty (30) days** after the Rule 16 Conference, each party shall disclose a list of sources from which the disclosing party agrees to search for discoverable information, including:

      i. any non-custodial sources, along with a brief description of the source; and

      ii. up to ten (10) custodial sources, including a brief description of each custodian's title and responsibilities, as well as organizational charts, if any, sufficient to identify each custodian's direct supervisors and direct reports.

  b. **Other Sources.** The parties reserve the right to request the production of documents from other custodial or non-custodial sources that were not otherwise identified and that the requesting party has a good faith belief includes or possesses non-cumulative relevant documents.

4. **Specific E-Discovery Issues.**

  a. **On-site inspection of electronic media.** Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

  b. **Search methodology.** The producing party shall search: (1) the non-custodial data sources identified in accordance with Paragraph 3(a)(i); and (2) emails and other ESI maintained by the custodians identified in accordance with Paragraph 3(a)(ii). If a party elects to use search terms and/or date filters to locate potentially responsive ESI, it shall disclose the search terms and/or date filters within **forty-five (45) days** after the Rule 16 Conference. Absent a showing of good cause, a requesting party may request no more than ten (10) additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (*e.g.*, product and company names), shall be employed.

  c. **Format.** ESI and non-ESI shall be produced to the requesting party as text searchable image files (TIFF), except when such ESI contains information subject to a claim of privilege. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history. Except with regard to ESI documents that are redacted for

privilege, the parties shall produce their information in the following format: single page TIFF images, load files associated multi-page text files containing extracted text or OCR with Concordance and iPro image (.lfp) load files, as well as Data Load Files ("DAT files") containing all requisite metadata.

    d. **Production of ESI in Native Format.** In the event that production of a document in TIFF image file format would be impracticable, the party producing the document shall have the option of producing such document in Native format. A party may request that up to fifteen (15) non-privileged documents be produced in Native Format. Once fifteen (15) non-privileged documents have been produced by a producing party in Native Format, a receiving party must demonstrate a particularized need for the production of any additional ESI in its Native Format. No party shall be required to produce more than fifteen (15) non-privileged documents in Native Format, absent agreement or court order. Notwithstanding the foregoing, to the extent a party produces video, animation or audio files, such documents shall be produced in their Native Format. If either party requests production of ESI in Native Format, the parties shall negotiate in good faith about the timing, cost and method of such production. No document produced in Native Format shall be intentionally manipulated to change the appearance or substance of the document prior to its collection.

    e. **Metadata fields.** The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, Duplicate Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

f.  **Scope.** Nothing in this Order establishes any agreement as to either the temporal or subject matter scope of discovery in this litigation. Nothing in this Order creates an obligation by any party to produce ESI on back-up tapes or other long-term storage media that were created strictly for use as a data back-up medium.

g.  **Production of Paper Discovery.** At the discretion of the party producing documents, paper documents ("Paper Discovery") may be produced in electronic form. Paper Discovery produced in electronic form need not be rendered text searchable via OCR or any other means. Nor is there any obligation to produce metadata fields associated with such Paper Discovery produced in electronic form.

h.  **Document Unitization.** If a document is more than one page, to the extent possible, the unitization of the document and any attachments or affixed notes shall be maintained as it existed when collected by the party producing such documents. If unitization cannot be maintained, the original unitization shall be documented in a load file or otherwise electronically tracked.

i.  **Color.** Documents containing color need not be produced in color unless the requesting party demonstrates the need for the production of certain documents in color.

j.  **Document Numbering for TIFF Images.** Each page of a document produced in TIFF file format shall have a legible, unique numeric identifier ("Document Number") not less than six (6) digits electronically "burned" onto the image at a place on the document that does not obscure, conceal or interfere with any information originally appearing on the document. The Document Number for each document shall be created so as to identify the producing party and the Document Number (*e.g.*, "ALRM 000000").

  k. **De-duplication**. To the extent identical copies of documents (*i.e.*, documents with identical hash values) appear in the files of a custodian or across custodians, the party producing such documents shall produce only one such identical copy and also shall produce an overlay file that includes a metadata field entitled "Duplicate Custodian" containing the names of each custodian whose files contain such identical copies.

  l. **Production Media**. Document images, load files and metadata shall be produced on hard drives, CDs, DVDs or other mutually agreeable media ("Production Media"). Each piece of Production Media shall include a unique identifying label corresponding to the identity of the party producing the documents, the date of the production of documents and the Document Number ranges of the documents in that production (*e.g.*, "Alarm.com Production October 15, 2013, ALRM 000123 – ALRM 000456"). To the extent that the Production Media includes any information designated as confidential under the Delaware Local Rules or any Stipulated Protective Order filed with the Court, the label on such Production Media shall indicate that the Production Media includes information so designated. Production Media shall include text referencing the case name and number. Further, any replacement Production Media shall cross-reference the original Production Media, clearly identify that it is a replacement and cross-reference the Document Number range that it replaces.

  m. **Processing Specifications**. The producing party shall use the following specifications when converting ESI from its Native Format into TIFF image files prior to its production:

    i. All tracked changes shall be maintained, to the extent reasonably feasible upon collection, so that all changes to a document are evident.

    ii. OLE Embedded files shall be extracted as separate documents.

      iii.    Author comments shall remain or be made visible, to the extent reasonably feasible upon collection.

      iv.    Hidden columns and rows shall be made visible, to the extent reasonably feasible upon collection.

      v.    Presenter notes shall be made visible, to the extent reasonably feasible upon collection.

      vi.    Auto-populated fields, with the exception of auto-populating "page-number" fields, shall be replaced with text indicating the field name. For example, auto-populating "date" fields shall be replaced with the text "DATE" and auto-populating "file path" fields shall be replaced with the text "PATH".

n.    **Cost Shifting**. All costs associated with production of documents pursuant to this Order shall be borne by the producing party. However, the Court will apportion the costs of electronic discovery upon a showing of good cause by the party seeking apportionment.